## PEOPLE *v.* BRANT.

1. EXTORTION—EVIDENCE—DIRECTED VERDICT.
   Record in prosecution for extortion *held,* to establish that sufficient evidence had been adduced to submit issue of defendant's guilt to jury; hence, his motion for directed verdict of not guilty was properly denied (CL 1948, § 750.213).

2. JURY—EXTORTION—JUSTICES OF THE PEACE.
   Fact that one of the jurors in extortion trial was an elected justice of the peace, who had not posted bond or acted in official capacity as a justice, served to deprive defendant of a trial by an impartial jury (CL 1948, §§ 602.139, 750.213).

3. SAME — EXTORTION — KNOWLEDGE OF PROSECUTOR — JUSTICE OF PEACE — IMPARTIAL JURY.
   The presence of an elected justice of the peace in the jury in prosecution for extortion, with the knowledge of the prosecutor who did not disclose such fact to the court, *held,* to violate the principle that a defendant shall be assured of an impartial jury (CL 1948, §§ 602.139, 750.213).

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 May 31, 1966, at Grand Rapids. (Docket No. 283.) Decided December 8, 1966. Rehearing denied January 12, 1967.

Joard O. Brant was convicted of extortion. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 415 *et seq.*
[2, 3] 31 Am Jur, Jury §§ 73, 192.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*Stuart F. Meek, Jr.,* for defendant.

BURNS, J. The defendant was charged with and convicted of extortion.[1] He appeals his conviction claiming that the court erred by denying his motion for a directed verdict at the close of the people's case and by allowing a juror to sit who was a justice of the peace.

The defendant's attorney made a motion for a directed verdict of not guilty on the ground that the prosecution had not established that the defendant had threatened to accuse the complainant of any crime or offense.

A review of the record establishes sufficient evidence to submit the case to the jury. The trial court did not err by denying the defendant's motion for a directed verdict of not guilty.

As to a justice of the peace being a juror, this case is one of first impression. The pertinent statute in effect at the time of the trial, October 22, 1962, CL 1948, § 602.139 (Stat Ann 1959 Cum Supp § 27.264)[2] provides:

"The court to which any person shall be returned as a juror, shall excuse such juror from serving at such court, whenever it shall appear:  *  *  *

"2. That he is a justice of the peace, or executes any other civil office, the duties of which are, at the time, inconsistent with his attendance as a juror." .

---

[1] CL 1948, § 750.213 (Stat Ann 1962 Rev § 28.410).
[2] See currently, CLS 1961, § 600.1219 (Stat Ann 1962 Rev § 27A-.1219).

At the *voir dire* examination the court asked, "Are any of you or any members of your family connected with any law-enforcement offices?" Later in the examination 2 individual jurors (not the juror in question) were asked, "Are you or any members of your family peace officers of any kind?" The juror, Al Jerue, made no response to these questions.

Al Jerue had been elected justice of the peace but at the time of trial he had not yet posted bond and thus had not acted in the capacity of justice of the peace. While it does not appear in the record, during oral argument before this Court, the prosecutor was asked if his office knew at the time the jury was selected that Al Jerue was a justice of the peace. The prosecutor replied that the office knew he had been elected but that he had not posted the required bond to perform any official act.

In *People* v. *Hannum* (1961), 362 Mich 660, a case in which one of the jurors was a police officer and failed to disclose his occupation, the Supreme Court stated on pp 666, 667:

"In *People* v. *DeHaven* [1948], 321 Mich 327, a conviction of statutory rape was reversed and new trial granted by this Court because 2 jurors, on *voir dire* examination, had, in effect, denied that they or any of their relatives had been involved in a similar case or any case involving the crime of rape, although one was a cousin and the other a brother-in-law of a man who several years before had been convicted in that same court of the same offense and sentenced to life imprisonment. This Court held that this had deprived defendant of his right to be tried by an impartial jury, because the family experience of the 2 jurors was such as to have deprived them of the capacity to act impartially in the case. Would any experienced trial lawyer, or, for that matter, the public generally, feel differently as to the capacity of a local police officer to sit as

a juror and consider impartially the case of a defendant charged with a crime committed in the community? We think not. That the lack of disclosure of the pertinent fact can be attributed to failure to expressly ask the prospective juror about it can hardly be thought to have insured an impartial trial any more so than in *DeHaven,* merely because there the panel members denied such disqualification."

There is an analogy between the *Hannum Case, supra,* and the present case; and the presence of an elected justice of the peace on the jury, with the knowledge of the prosecutor who does not disclose such fact to the court, violates our conception of the principle that a defendant shall be assured of an impartial jury.

Our disposition of the case makes consideration of the other question raised by the defendant unnecessary.

Reversed. New trial granted.

HOLBROOK, P. J., and HOFFIUS, J., concurred.